# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

JAMES K. KAZONGO,                    )
                                     )
            Appellant,               )
                                     )
    v.                               )     C.A. No. N18A-02-003 VLM
                                     )
J&J STAFFING RESOURCES, INC.,)
and THE UNEMPLOYMENT                 )
INSURANCE APPEAL BOARD,              )
                                     )
            Appellees.               )

## ORDER

Date Submitted: August 1, 2018
Date Decided: October 24, 2018

*Upon Consideration of Appellant's Appeal of the Decision of the Unemployment Insurance Appeal Board,* **AFFIRMED.**

James K. Kazongo, Wilmington, DE. *Pro Se* Appellant.

Daniel Mulveny, Esquire, and Victoria W. Counihan, Esquire, Wilmington, DE. Attorneys for Appellee Unemployment Insurance Appeal Board.

**MEDINILLA, J.**

# INTRODUCTION

This is an appeal from the Unemployment Insurance Appeal Board ("Board"). Appellant James K. Kazongo ("Employee") timely appeals the Board's January 30, 2018 decision that Employee voluntarily left his employment therefore disqualifying him from the receipt of unemployment benefits.[1] Upon consideration of the facts, arguments, and evidence set by the parties; statutory and decisional law; and the entire record in this case,[2] the Court hereby finds as follows:

1.      Employee was employed as an Assembly Worker and Laborer on an "as needed" basis at J&J Staffing Resources, Inc. ("Employer") from April 28, 2017 until June 26, 2017.[3]

2.      Employer has a company policy that was included within Employer's "Temporary Services Employment Agreement - DE" and the employee handbook.[4] It provides that when an assignment is complete, an employee must contact

---

[1] The decision was mailed on January 30, 2018 and became final on February 9, 2018. Mr. Kazongo filed this appeal on February 9, 2018. A party may file an appeal within 10 days of the Board's decision becoming final, therefore Mr. Kazongo's appeal is timely. 19 *Del. C.* § 3323(a).

[2] Appellant James Kazongo filed an opening brief on April 17, 2018. The Unemployment Insurance Appeal Board filed a letter with this Court on April 25, 2018 stating that it would not be filing an answering brief because Mr. Kazongo only raises challenges to the Board's decision on the merits. Appellee J&J Staffing Resources, Inc. did not file an answering brief. On July 20, 2018, the Court ordered that pursuant to Rule 107(f), it will make a determination of the issue based on the papers that have been filed.

[3] *See* Opening Br. at 1; R. at 20, 87.

[4] R. at 57-60, 87.

Employer to request placement in a new position within 48 hours after the end of the assignment and every day thereafter that the employee is available for work.[5] It is considered a voluntary quit if an employee does not contact Employer according to the policy.[6] Employee was presented with and signed a copy of both the "Temporary Services Employment Agreement - DE" and the Handbook Acknowledgement Form on April 26, 2017.[7] Employee testified that he did not read the Employer's policy when he signed it because he was presented with multiple papers to sign upon hiring.[8]

3.      The Board found that Employee's assignment ended on June 26, 2017.[9] Employee claimed that he called Employer two days after his assignment ended, and proceeded to call weekly after that point to ask about available work.[10] Employer asserted that Employee did not contact Employer, as per the employment policy, until October 2017 and therefore considered him to have voluntarily quit.

---

[5] R. at 57-60, 87.

[6] *Id.*

[7] *Id.* 57, 60.

[8] R. at 75.

[9] *Id.* at 87.

[10] Appellant's Opening Br. at 1.

4.      Employee filed a claim for unemployment benefits with the Division of Unemployment Insurance on October 1, 2017.[11]  On October 26, 2017, a Claims Deputy found that Employee voluntarily left his employment and was disqualified from the receipt of benefits pursuant to 19 *Del. C.* §§ 3314(1) and 3327.[12]

5.      On November 1, 2017, Employee filed an appeal of the Claims Deputy's decision to an Appeals Referee.[13]  A hearing *de novo* was held on November 16, 2017, where the Appeals Referee heard testimony from Employee and Employer's Representative Kim Sharp ("Sharp").[14] During the hearing, Appeals Referee admitted two documents into evidence, which included the "Temporary Services Employment Agreement – DE" signed by Employee and "J&J Staffing Resources' Tips for Success" with a Handbook Acknowledgement Form signed by Employee.[15] The Appeals Referee reversed the Claims Deputy's decision that Employee voluntarily quit his position of employment.[16] The Appeals Referee held

---

[11] R. at 1.

[12] *Id.* at 8.

[13] *Id.* at 16.

[14] *Id.* at 24-48.

[15] *Id.* at 57-60.

[16] R. at 19-21.

4

that Employee was not disqualified from benefits pursuant to 19 *Del. C.* §§ 3314(1) and 3327.[17]

6.    On November 29, 2017, Employer appealed the Appeals Referee's decision to the Board.[18] A hearing was held on December 27, 2017. On January 30, 2018,[19] the Board reversed the Appeals Referee's decision and found that Employee voluntarily left his employment and was disqualified from receiving benefits pursuant to 19 *Del. C.* § 3314(1).[20]

7.    Employee filed this appeal of the Board's decision on February 9, 2018 and his opening brief on April 17, 2018. He contends that he "was misrepresented, mischaracterized [b]y J&J staffing...and [he] was never voluntarily quit [his] job."[21] He also asserts that he called two days after his assignment ended "to request a new assignment[.]"[22] Having considered all submissions, the matter is now ripe for review.

---

[17] R. at 21.

[18] *Id.* at 61-62.

[19] The Decision of the Board was mailed on January 30, 2018 and became final on February 9, 2018.

[20] R. at 86-88.

[21] Appellant's Opening Br. at 1.

[22] *Id.*

5

## Standard of Review

8.     On an appeal from the Board, this "court must determine whether the findings and conclusions of the Board are free from legal error" and whether they are "supported by substantial evidence in the record."[23]  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[24]  The Superior Court does not "weigh the evidence or make determinations based on credibility or facts."[25]  Absent an abuse of discretion by the Board, this Court will uphold the Board's determination.[26]

## Discussion

9.     Pursuant to 10 *Del. C.* § 3314(1), a person is disqualified from receiving benefits if that individual leaves "work voluntarily without good cause attributable to such work...."[27]  The employee has the burden "to establish good cause attributable to the employment that justifies voluntarily leaving work."[28]  If an

---

[23] *Wilson v. Unemployment Ins. Appeal Bd.*, 2011 WL 3243366, at *2 (Del. Super. July 7, 2011) (citing *Unemployment Ins. Appeal Bd. V. Martin*, 431 A.2d 1265, 1266 (Del. 1981); *Pochvatilla v. United States Postal Serv.*, 1997 WL 524062, at *2 (Del. Super. June 9, 1997); 19 *Del. C.* § 3323(a)).

[24] *Byrd v. Westaff USA, Inc.*, 2011 WL 3275156, at *1 (Del. Super. July 29, 2011) (quoting *Oceanport Industries, Inc. v. Wilmington Stevedores, Inc.*, 636 A.2d 892, 899 (Del. 1994)).

[25] *Byrd*, 2011 WL 3275156, at *1 (citing *Johnson v. Chrysler Corp.*, 203 A.2d 64, 66 (Del. 1965)).

[26] *See Funk v. Unemployment Ins. Appeal Bd.*, 591 A.2d 222, 225 (Del. 1991).

[27] 19 *Del. C.* § 3314(1).

[28] *Walker v. Unemployment Ins. Appeal Bd.*, 2015 WL 1542034, at *2 (Del. Super. Mar. 12, 2015).

6

employee is a temporary employee at a temporary help firm, he or she "will be deemed to have voluntarily quit employment if the employee does not contact the temporary help firm for reassignment upon completion of an assignment."[29] Additionally, the employee must have "been advised of the obligation to contact the firm…and that unemployment benefits may be denied for failure to do so" in order for the failure to contact to be considered a voluntary quit.[30]

10.     Employee argues he did not voluntarily quit because an employee of J&J Staffing Resources told him that they would "call [him] if something comes up" after he called to request a new assignment two days after his assignment had ended.[31]  He further asserts that he could not have quit where the Employer called on October 4, 2017 to ask if he was available, arguing if "an employee voluntarily quit, why would you call[] him and ask him if he or she is available?"[32]

11.     Employee raised these same issues at the Appeals Referee hearing.[33] After reviewing all of the evidence and testimony presented to the Board, including

---

[29] 19 *Del. C.* § 3327(b).

[30] *Id.*

[31] Appellant's Opening Br. at 1.

[32] *Id.*

[33] R. at 33-34, 42-45.

what was presented to the Appeals Referee,[34] the Board ultimately found in favor of Employer.

12. The Board found that Employee only called Employer after his assignment ended on June 26, 2017 when he returned a phone call from Employer on October 4, 2017 and when he called on October 19, 2017 to state he was available.[35] The Board found that these calls were his only contact with Employer after his assignment ended and that Sharp's testimony about when Employee called was substantiated by the phone records.[36] The evidence to support Employer's position that Employee had not called was provided through notes from Employer's old and new computer systems that tracked employees' phone calls to Employer's office.[37] The Board ultimately found that Employee did not comply with Employer's policy by not maintaining contact and therefore he voluntarily quit without good cause.[38]

13. This Court finds that there is substantial evidence to support the Board's findings and conclusions that Employee voluntarily left his employment without

---

[34] R. at 68.

[35] *Id.* at 87.

[36] *Id.*

[37] *Id.* at 86.

[38] R. at 87.

good cause by not maintaining contact with Employer as was required per its policy. The findings and conclusions of the Board are without legal error. The Board did not abuse its discretion in determining that Employee is disqualified from the receipt of unemployment benefits.

NOW, WHEREFORE, this 24th day of October, 2018, the January 30, 2018 decision of the Unemployment Insurance Appeal Board is hereby AFFIRMED.

IT IS SO ORDERED.

Vivian L. Medinilla
Judge

oc: Prothonotary
cc: James K. Kazongo
All Counsel of Record (Via File&Serve)

9